IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


DAWON C. JACKSON                                                    PLAINTIFF

vs.                          Civil No. 4:07-cv-04008

MICHAEL J. ASTRUE[1]                                               DEFENDANT
Commissioner, Social Security Administration


**<u>MEMORANDUM OPINION</u>**

Dawon C. Jackson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background:</u>**

Plaintiff's applications for DIB and SSI now before this Court were protectively filed on

March 17, 2004.  (Tr. 48-50, 152-153).  These applications allege an onset date of May 19, 2002.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

*See id.*  In these applications, in other documents filed with the SSA, and at the administrative hearing, Plaintiff alleged a disability due to his high blood pressure, a hernia, back pain, foot and toe abnormalities, hand problems, stomach pain, ankle pain, knee pain, and shoulder pain.  (Tr. 57, 64, 71, 73, 84, 170).

Plaintiff's applications were initially denied on June 15, 2004 and were denied again on reconsideration on November 17, 2004.  (Tr. 25-33, 154-159).  Plaintiff requested an administrative hearing which was held on January 31, 2006 in Texarkana, Arkansas.  (Tr. 160-183).  Plaintiff was represented by an attorney, Charles Barnette, at this hearing.  *See id.*  Plaintiff, Plaintiff's friend (Wilma White), and independent Vocational Expert ("VE") Jerry Miller[3] testified at this hearing.[4] *See id.*  At the time of this hearing, Plaintiff was thirty-six (36) years old, which is classified as a "younger individual" under 20 C.F.R. § 404.1563(c) (2007), had completed the eleventh grade of high school, and had received his General Educational Development (G.E.D.).  (Tr. 163).

On August 21, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI.  (Tr. 11-16).  In this opinion, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2007.  (Tr. 13, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to the ALJ's decision.  (Tr. 13, Finding 2).  The ALJ found that Plaintiff suffered from Talipes Planovalgus[5] and a hernia, which were both severe impairments.  (Tr. 13, Finding 3).  The ALJ determined that, although Plaintiff did have these severe impairments, he did not have an impairment or a combination of

---

[3] Mr. Miller's Experience and Background are included in the transcript at Pages 44-45.

[4] Plaintiff's mother was also present at the hearing but did not testify.  (Tr. 160-183).

[5] *Talipes Planovalgus* can be characterized as "a condition in which the longitudinal arch is broken down, the entire sole is touching the ground.  SYN Flatfoot, talipes planus."  *PDR Medical Dictionary* 1468 (3rd ed. 2006).

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 13, Finding 4).

The ALJ also evaluated Plaintiff's subjective complaints and determined Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 13-14, Findings 14-15).  In evaluating Plaintiff's subjective complaints, the ALJ determined that Plaintiff's testimony was not fully credible: "after considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration, and limiting effects of these symptoms are not entirely credible." (Tr. 14).  The ALJ based this credibility determination upon Plaintiff's daily activities, the medication he was taking, his medical treatment, and his work history.  (Tr. 15).  The ALJ also evaluated Plaintiff's RFC and concluded that Plaintiff could perform the full range of sedentary work, which includes the following:

> [L]ifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a  sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (2007).

Based upon this RFC determination, the ALJ concluded that Plaintiff did not retain the ability to perform his PRW.  (Tr. 15, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (Tr. 180-183).  The VE testified that Plaintiff's PRW included work a chicken hanger (medium, unskilled), construction worker (heavy, unskilled), assembly line worker (light, unskilled), cook (light, semiskilled), preparation cook (medium, unskilled), and retail salesman (light, semi-skilled).  (Tr. 180-181).  The ALJ determined that all of this PRW was performed at a light to heavy

3

level of exertion and that with his RFC, Plaintiff would not be able to perform any of this PRW. (Tr. 15, Finding 6).

Next, the ALJ determined whether there was other work that existed in significant numbers in the national economy that Plaintiff could perform, given his RFC, age, education, and work experience. (Tr. 15-16). The ALJ applied the Medical Vocational Guidelines ("Grids") in order to make this determination. (Tr. 16). The ALJ found, considering his RFC, age, education, and work experience, that Plaintiff was "not disabled" pursuant to Medical-Vocational Rule 201.28. (Tr. 16). Accordingly, the ALJ concluded that Plaintiff had not been under a "disability," as defined by the Social Security Act, from May 19, 2002 through the date of his decision or through August 21, 2006. (Tr. 16).

On January 18, 2007, the Appeals Council declined to review the ALJ's August 21, 2006 hearing decision. (Tr. 4-6). Subsequently, Plaintiff filed the present action. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. Plaintiff and Defendant have both filed appeal briefs. (Doc. Nos. 8-9). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

5

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's   if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred both by (1) failing to properly analyze Plaintiff's subjective complaints of pain pursuant to *Polaski v. Heckler* and (2) failing to question the VE regarding Plaintiff's ability to perform other work.  (Doc. 8, Pages 1-4).  Under his second point, Plaintiff argues that, instead of questioning the VE regarding his ability to perform other work, the ALJ improperly applied the Grids in his disability determination.  *See id.*  Plaintiff argues that the Grids should not have been applied in his case because he suffers from nonexertional limitations that must be considered by a VE.  *See id.*

In response, Defendant argues that the ALJ properly analyzed Plaintiff's subjective complaints and discounted them for legally sufficient reasons.  (Doc. No. 9, Pages 6-9).  Defendant argues that the ALJ properly considered Plaintiff's physical condition, the medical evidence included in the record, Plaintiff's medications, and Plaintiff's daily activities prior to discounting Plaintiff's subjective complaints.  *See id.*  Defendant also argues that the ALJ properly applied the Grids in this disability determination.  *See id.* at 9-10.  Defendant argues that because the ALJ explicitly discredited Plaintiffs allegations of disabling pain, the ALJ was permitted to apply the Grids in making his disability determination and was not required to hear testimony from a VE.  *See id.* Because this Court finds that both of Plaintiff's points of error have merit, this Court will address both arguments.

6

### A. ALJ's Review of Plaintiff's Subjective Complaints

Plaintiff claims that the ALJ did not follow the dictates of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), in evaluating his subjective complaints. (Doc. No. 8, Page 3). Defendant, however, argues that the ALJ properly evaluated Plaintiff's subjective complaints pursuant to *Polaski. See id.* Defendant notes that, pursuant to *Polaski,* an ALJ is required to consider a claimant's daily activities, the frequency and intensity of a claimant's pain, aggravating factors, effectiveness of medications, and any functional restrictions. *See id.* at 6. Defendant argues that the ALJ did consider Plaintiff's daily activities, and Defendant also argues that the ALJ properly considered Plaintiff's medications and the side effects of those medications. *See id at.* 7-8.

As Defendant correctly noted, in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.429. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). These factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

Furthermore, an ALJ's credibility determination is generally entitled to deference. *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007). As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is

entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

### (1) Plaintiff's Daily Activities

In the present action, the ALJ's *Polaski* analysis was inadequate.  For the first *Polaski* factor regarding Plaintiff's daily activities, the ALJ merely stated the following: "The claimant's reported activities are not shown to be consistent with his claim of total disability.  (Exhibit 1E, pages 15-19 and testimony).  In addition, he reported in December 2005 that he played basketball.  (Exhibit 5F)." (Tr. 15).  The ALJ, however, stated no inconsistencies between Plaintiff's subjective complaints and his daily activities.  Instead, the ALJ reached this conclusion without any analysis of the evidence in the transcript.

In his appeal brief, Defendant claims the ALJ also considered another "inconsistency" between Plaintiff's daily activities and his subjective complaints.  (Doc. No. 9, Pages 7-8). Defendant claims the ALJ noted an inconsistency between Plaintiff's statements to Dr. Blackman on May 14, 2004 wherein Plaintiff claimed he could walk one-half mile at a time, sit and stand for

"hours," and lift up to 60 pounds and Plaintiff's statements to the ALJ on January 21, 2006 wherein he claimed he could only walk one-half of a block, sit for 25 minutes, and lift 10 pounds.  *See id.* Defendant was correct in arguing that this testimony is inconsistent, but the *ALJ never noted this inconsistency in his opinion* or indicated that this inconsistency would be a basis for disregarding Plaintiff's subjective complaints.  (Tr. 11-16).

Furthermore, even the ALJ's finding– that Plaintiff's daily activities are inconsistent with his claim of total disability–is not supported by the record.  Plaintiff's daily activities include watching television, watching other people fish, attending church, listening to television, and reading.  (Tr. 72, 74).  Plaintiff reported that he cannot do yard work, cannot often visit friends and relatives, and does not drive.  (Tr. 176, 178).  Plaintiff's reported daily activities involve little or no physical exertion and are not necessarily inconsistent with his claimed limitations.  On remand, the ALJ should more fully evaluate Plaintiff's daily activities and note the inconsistencies, if any, between Plaintiff's daily activities and his subjective complaints of pain.

### (2) Duration, Frequency, and Intensity of His Pain

In evaluating the *Polaski* factor regarding the duration, frequency, and intensity of the claimant's pain, the ALJ merely noted the following: "the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  (Tr. 14).  Once again, the ALJ provided no analysis and noted no inconsistencies between the record and Plaintiff's claimed duration, frequency, and intensity of his pain.  (Tr. 14-16).

In reference to this factor, the ALJ also noted that Plaintiff was not "seeking or receiving

frequent medical treatment" and that his failure "tends to undermine his allegations of incapacitating symptoms." (Tr. 15). The ALJ, however, did not provide any specific inconsistencies or times when Plaintiff failed to seek treatment despite his claims of disabling pain and did not provide any analysis related to this finding.

### (3) Precipitating and Aggravating Factors

The ALJ did not evaluate this *Polaski* factor. Dr. Sharma, however, stated in his March 14, 2006 report that "walking or moving a lot" were aggravating factors. (Tr. 148).

### (4) Dosage, Effectiveness, and Side Effects of His Medication

For the *Polaski* factor regarding Plaintiff's medication, the ALJ indicated that Plaintiff's impairments were reasonably controlled with medication: "If an impairment can reasonably be controlled by medication or treatment, it cannot serve as a basis for a finding of disability." (Tr. 15). The ALJ, however, noted *no basis* to support this finding and did not indicate which of Plaintiff's claimed impairments, if any, were controlled with medication. There is certainly no indication in the record that the deformity in Plaintiff's feet and his umbilical hernia can be controlled with medication.

The ALJ also referenced Plaintiff's claimed side effects from his medication and stated the following: "The claimant reports side effects from medications. There is sufficient legal reason to reject complaints of side effects of medication when the claimant has not complained about these effects to his treating physician. *Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994)." (Tr. 15). The ALJ, however, did not state *which side effects* Plaintiff failed to report to his physician. (Tr. 96-101).

Furthermore, Plaintiff's medical records indicate that he *did report* at least one of these side effects to his treating physician, Dr. Patel. Plaintiff's claimed side effects include dizziness, blurred

vision, and drowsiness.  (Tr. 14).  Plaintiff's records from Dr. Patel are difficult to decipher. However, on June 11, 2003, Plaintiff reported to Dr. Patel that he suffered from dizziness, one of the claimed side effects of his medication.  (Tr. 99). Thus, the ALJ improperly evaluated and dismissed Plaintiff's claimed side effects of his medication and improperly dismissed Plaintiff's subjective complaints because his impairments were allegedly "controlled by medication or treatment."

### (5) Functional Restrictions

The ALJ found that Plaintiff's "testimony regarding functional restrictions was not fully credible because it was not supported by the medical evidence of record." (Tr. 14).  As noted in Defendant's Appeal Brief , the ALJ correctly found that Plaintiff's medical records did not support his claimed functional restrictions.  (Doc. No. 9, Page 7).   Plaintiff reported that he had very extreme functional restrictions: "He . . . alleged the inability to sit for no more than 25 minutes at one time for a total of 2 hours in an 8-hour day, walk for no more than ½ black at one time, stand for no more than 5 to 6 minutes at one time for a total of 45 minutes in an 8-hour day, and lift no more than 20 pounds." (Tr. 14). Plaintiff's medical records, however, do not indicate that he has the functional restrictions alleged.  For instance, Dr. Sharma's consultative report dated March 14, 2006 states that Plaintiff has "no restrictions in sitting" and only a "moderate restriction in standing" and a "mild restriction in walking."  (Tr. 150).

However, although the ALJ reached the correct conclusion, the ALJ did not apply the correct analysis in reaching this conclusion.   As noted above, when discounting a claimant's subjective complaints of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any  inconsistencies, and discussing the *Polaski* factors. *See Baker,* 159 F.3d at 1144.  The ALJ should have more fully discussed Plaintiff's medical records,

and any stated limitations contained therein, and analyzed Plaintiff's claimed limitations as they relate to the limitations included in Plaintiff's medical records.  Since the ALJ did not perform this analysis, the ALJ did not properly evaluate this *Polaski* factor.

### B. ALJ's Step Five Determination

Plaintiff also claims that the ALJ erred by not hearing testimony from a VE regarding Plaintiff's ability to perform other work. (Doc. No. 8).  Instead of hearing testimony, the ALJ relied upon the Grids in making his disability determination. (Tr. 15-16).  Specifically, the ALJ concluded the following: "Based on a residual functional capacity for the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 201.28." (Tr. 16).  In response, Defendant argues that the ALJ properly applied the Grids in his Step Five determination.  (Doc. No. 9, Page 10).  Defendant argues that the ALJ properly determined that Plaintiff suffered from no significant nonexertional impairments and that the ALJ was permitted to apply the Grids without testimony from a VE.  *See id.*

At Step Five of the disability analysis, the ALJ has the burden of establishing that a plaintiff can perform other jobs in the national economy, based upon that person's age, education, and work experience and in light of his or her RFC.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  An ALJ may meet this burden by applying the Grids.  *See Cruse v. Bowen,* 867 F.2d 1183, 1187 (8th Cir. 1989).  The ALJ, however, may not meet this burden by applying the Grids when a plaintiff suffers from nonexertional impairments, such as pain.  *See id.*

In the present action, Plaintiff alleged that he suffered from severe pain in his feet, legs, knees, shoulder, and hands.  (Tr. 170).  As noted above, the ALJ improperly discounted Plaintiff's subjective complaints of pain.  Because Plaintiff alleged that he suffered from the nonexertional

12

impairment of pain, and the ALJ did not properly discount those complaints, the ALJ should not have applied the Grids.  Instead, the ALJ should have heard testimony from the VE regarding Plaintiff's ability to perform other work.  This case should be reversed and remanded so that the ALJ can hear testimony from a VE.

 4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **5th day of November, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge